WILLIAM H. MANSUR, Defendant in Error, v. PACIFIC MUTUAL LIFE INSURANCE COMPANY, Plaintiff in Error.

### Kansas City Court of Appeals, May 3, 1909.

TRIAL PRACTICE: Summons: Service: Alias Process: Non-Service. Plaintiff brought his action against defendant and had summons duly served. At the return term defendant failed to appear and plaintiff took an order for an alias writ. This however was not issued. At the second term plaintiff took judgment. *Held*, that the first summons was sufficient to bring plaintiff into court and would have sustained the judgment by default, but the order for an alias summons was a judgment. and dismissed defendant from the court until re-summoned; and the judgment at the second term without a re-service was void.

Error to the Livingston Circuit Court.—*Hon. Joshua W. Alexander,* Judge.

REVERSED AND REMANDED.

*Rosenberger, Taylor & Reed* for plaintiff in error.

(1.)   The order that alias summons issue as to plaintiff in error was an abandonment of any service theretofore had and inasmuch as the alias summons was not served, the judgment was rendered without service and is void.   20 Am. and Eng. Ency. of Pl. and Pr. 1180 and note; Finley v. Richards, 1 Blck. (Ind.) 487.

*Scott J. Miller* for defendant in error.

(1)   There was no waiver of the original service on the defendant by taking an order for alias writ, and the defendant was in no wise injured thereby, no alias writ ever issuing.

JOHNSON, J.—Defendant in error brought this suit in the circuit court of Livingston county against plaintiff in error, a non-resident life insurance company

and caused summons to be issued returnable to the May term, 1908, the first day of which fell on May 4th. The summons was served and returned in the manner prescribed by law and no point is made of its sufficiency to command the appearance of the defendant (plaintiff in error here) at the May term to answer the petition. Defendant did not answer and on the 11th day of the term, the court, at the request of plaintiff (defendant in error here), made the following order of record: "Ordered by the court that alias summons be issued for defendant the Pacific Mutual Life Insurance Company, directed to the sheriff of Cole county, Missouri, and cause continued." No alias summons was issued in obedience to this order, nor was the order set aside. The defendant did not appear at the following term, but the court heard evidence introduced by the plaintiff and rendered judgment against the defendant as prayed in the petition. Afterward, defendant brought the case here by writ of error.

We think the court had no jurisdiction over the person of the defendant in this suit at the time the judgment was rendered. The office of a summons is to bring the defendant to whom it is directed into court to answer the petition of the plaintiff. The original summons, being regularly issued and properly served and returned, performed its mission, and the defendant was bound to appear at the May term and answer the petition in the time prescribed by law, or suffer the consequences of having judgment rendered against it by default. An alias summons is issued when the original summons has not produced its effect. [1 Rap. & L. Law Dict., 44.] It is employed in cases where the original summons is defective in form or manner of service and cannot be held to have performed its function. An order of record that an alias summons be issued necessarily must constitute an abandonment of the original service. [20 Am. and Eng. Ency. P. and Pr., 1180; Finley v. Richards, 1 Blck. (Ind.) 487.] When issued and served,

the second writ supersedes the first and defects in the first cannot be pleaded in abatement of the second. [Goodlett v. Hansel, 56 Ala. 346.] No alias writ was issued and served in the case in hand, but nevertheless, the order of record that one be issued was an abandonment of the original writ, for the following reason: Constructively, the defendant was present in court in obedience to the original summons, heard the plaintiff ask for the alias order, witnessed the pronouncement of the order by the court, and saw it entered of record. In effect, plaintiff there confessed and the court ruled that the summons was insufficient, and the defendant was told by the court to depart with the assurance that it need not reappear to answer the petition until commanded so to do by the service upon it of the alias summons.

To hold that the failure to follow up the order had the effect to restore the original service would be to say that a defendant, dismissed from court to await further commands of the court, still is bound to remain in court and proceed with his defense as though no such order of dismissal had been made. We conclude that plaintiff in error did not have his day in court, and, therefore, that the judgment should not be allowed to stand.

Point is made by the plaintiff in error that the petition is fatally defective. We think the petition is deficient, but that its defects may be cured by amendment.

The judgment is reversed and the cause remanded. All concur.