STATE of Missouri ex rel. MASADA SEISAKUSHO COMPANY, LTD., Relator,

v.

The Honorable Herbert K. MOSS, Judge of the Circuit Court of Jefferson County, Missouri, Division 1, Respondent.

Nos. 38368 and 38369.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Feb. 22, 1977.

Joseph A. Kral, III, Coburn, Croft, Shepherd & Herzog, St. Louis, for relator.

Robert A. Wulff, Stephen D. Hoyne, Amelung, Wulff & Willenbrock, St. Louis, for respondent.

STEWART, Judge.

This proceeding in prohibition had its origin in two actions, one for wrongful death and another for personal injuries. The actions arise out of the use of a hydraulic jack manufactured by relator. Plaintiffs in the underlying actions sued Kohler City Supply Co. and U. S. Import Distributors, Inc. U. S. Import Distributors, Inc. filed its third party petition against relator and Seiko Trading Co. The relator has its principal place of business in Tokyo, Japan.

Third party plaintiff initiated proceeding to obtain service of third party defendants as provided in United Nations Convention for Service Abroad of Judicial and Extrajudicial Documents. 20 U. S. Treaties 361.

In view of the conclusion which we reach it will serve no purpose to detail the facts surrounding the service of process and the returns thereon. Suffice it to say that relator entered its appearance solely for the purpose of filing its motion "To Quash the Summons and Return . . ." The court overruled the relator's motion. Pursuant to petition by relator we issued our Preliminary Writ of Prohibition.

The preliminary writ was amended to permit the court to order the issuance of an alias third party summons upon plaintiff.

The parties have advised us that subsequent to the amendment of the writ, the trial court, at the request of third party plaintiff, ordered the issuance of an alias summons directed to relator. The court also, within the intent of the amended writ, extended the time for service of the alias summons.

■ It has long been held that "an order of record that an alias summons be issued necessarily must constitute an abandonment of the original service." *Pacific Mutual Life Insurance Co. of Calif. v. Mansur*, 136 Mo.App. 726, 118 S.W. 1193 (1909). See

also *State ex rel. Gardner v. Hall*, 282 Mo. 425, 221 S.W. 708, 711 (banc 1920). The rule is necessary for orderly procedure for the reason stated in *Mansur* at page 1194:

"Constructively the defendant was present in court in obedience to the original summons, heard the plaintiff ask for the alias order, witnessed the pronouncement of the order by the court, and saw it entered of record. In effect, plaintiff there confessed and the court ruled that the summons was insufficient, and the defendant was told by the court to depart with the assurance that it need not reappear to answer the petition until commanded so to do by the service upon it of the alias summons."

In the present case the moment the alias summons was ordered issued relator was no longer in court. The issues raised by the preliminary writ no longer existed. There is nothing before us for our determination. The preliminary writ is quashed.

McMILLIAN, P. J., and SMITH, J., concur.