**426**

Russell Scott SPRINGER, Respondent,

v.

Margaret Kay SPRINGER, Appellant.

No. WD 36205.

Missouri Court of Appeals,
Western District.

March 5, 1985.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
April 30, 1985.

Gary K. Allen, Kansas City, for appellant.

Joseph Y. Decuyper, Kansas City, for respondent.

Before CLARK, P.J., TURNAGE, C.J., and KENNEDY, J.

PER CURIAM.

This is an appeal from the trial court's denial of wife's "Motion to Vacate Judgment and Petition for Writ of Error Coram Nobis" in a dissolution case.

For reasons we will explain in the next paragraphs, we reverse and remand with directions that the court enter an order vacating the decree of dissolution.

A default decree of dissolution was entered by the court upon husband's petition on (it is important to note) October 24, 1983. The decree purported to divide the parties' marital property and to award the petitioner the custody of the couple's minor child, who was found to be with the wife in the State of Washington. It was recited in said decree that service of process had been had upon the wife by publication "pursuant to § 506.160, RSMo 1978, as amended, in that said notice of publication was published in the Smithville Democrat Herald on September 1, 1983, September 8, 1983, September 15, 1983 and September 22, 1983."

The legal file further shows the following entry upon the docket sheet: "Oct. 3. '83 Alias Summons Issued per attorneys' Request. ml". The legal file shows nothing further about this alias summons, but the parties tell us in oral argument that it was never served upon the wife.

The issuance of the alias summons served to abandon the earlier service by publication. *Kennon v. Citizens Mutual Insurance Co.*, 666 S.W.2d 782, 785 (Mo. App.1983); *State ex rel. Peterbilt Co. v. Litz*, 569 S.W.2d 387 (Mo.App.1978); *State ex rel. Masada Seisakusho Co.*, 548 S.W.2d 185, 185-86 (Mo.App.1977); *Pacific Mutual Life Insurance Co. v. Mansur*, 136 Mo. App. 726, 118 S.W. 1193 (1909). The trial court had no personal jurisdiction over the wife when the dissolution decree was entered on October 24, 1983.

Arguing that the issuance of the alias summons did not abandon the earlier service by publication, husband cites *Burnes v. Burnes*, 61 Mo.App. 612, 621 (Mo.App. 1895), decided by this court. A later case of this court, *Pacific Mutual Life Insurance Co. v. Mansur, supra,* decided in 1909, took the opposite view. The latter case has been followed in the later cases, namely the *Kennon, Peterbilt* and *Masada Seisakusho* cases, decided by the Eastern District of this court.

The case of *Barnes v. Missouri Valley Construction Co.*, 257 Mo. 175, 165 S.W. 723, 727 (1914), cites *Burnes* and would at first seem to support the respondent, but we do not believe it is like the case before us. In *Barnes* both the first publication of notice and a second (unnecessary) publication of notice of the filing of report of viewers and engineer, ordered by a county court in a drainage district proceeding under what is now Chapter 243, RSMo, had run their course. The offending judgment (approving the report) was not entered till the day specified in the second notice, so the landowners (in a defendant's posture) were in no way prejudiced. The case now before us would be like *Barnes* if the alias summons had been served on Mrs. Springer and the time for responding thereto had passed when the default judgment was taken.

Wife, on April 2, 1984, filed her motion and petition on the ground that the issuance of the alias summons had abandoned the service by publication, and also on the ground that the service by publication was invalid because it was based upon the husband's fraudulent affidavit that wife's address was unknown. We do not reach the latter ground.

Husband says that, regardless whether service of process was accomplished by the service by publication, the court did have personal jurisdiction over the wife because the wife had entered her appearance. He bases this upon a letter mailed by the wife to the judge from Richland, Washington, which was received in the clerk's office on October 27, 1983. Assuming the letter would have constituted an entry of appearance had it been received and filed before the decree was entered, it was not so received. It was not received until three days after the default decree had been entered. There was of course no reference to it in the decree. Its receipt was not noted on the docket sheet. It was simply stamped with the clerk's filing stamp and placed in the file. Whether the judge saw it is not known. It was never treated as an entry of appearance—until, perhaps, upon the motion to set aside the decree. We do not know the basis of the trial court's denial of the wife's motion.

Judgment reversed and case remanded for the entry of an order vacating the decree of dissolution dated October 24, 1983.