**William H. EMANUEL, Plaintiff-Appellant,**

**v.**

**Alvin R. RICHARDS, Defendant-Respondent.**

No. 32951.

St. Louis Court of Appeals.

Missouri.

March 19, 1968.

Val Terschluse, St. Louis, for appellant.

Clement A. Kieffer, St. Louis, for respondent.

CLEMENS, Commissioner.

Both the magistrate and circuit courts dismissed plaintiff's petition for failure to commence his action within the five-year statute of limitations, and he appeals. The issue: Although filing suit and issuance of summons usually tolls a statute of limitation, did the plaintiff's nine-month delay in having an alias summons served on the defendant amount to such a lack of diligent prosecution as to revive the statute of limitations? We say no.

Plaintiff's cause of action accrued March 13, 1961, when the defendant rear-ended his

car. Plaintiff filed his statement in the Magistrate Court of St. Louis on October 29, 1965, some four months before the running of the five-year statute, § 516.120, V.A.M.S. He alleged the defendant resided in Jefferson County. The first summons was issued immediately, for service on the defendant in Jefferson County, but was returned unserved. On the return date, November 24, 1965, plaintiff got the second summons, similarly directed; it, too, was returned unserved and the cause was continued generally. (During this continuance the plaintiff's cause of action reached its fifth anniversary, on March 13, 1966.) Then on June 14, 1966, the third summons issued, similarly directed, and it also was returned unserved. On the return date, July 11, 1966, the fourth summons issued, this one for service by the Sheriff of St. Louis County. It was served on the defendant July 26, 1966, five years and four months after plaintiff's action had accrued.

Thus, the record shows that within nine months after filing suit the plaintiff made four tries before he finally got service on the defendant. The defendant appeared specially and moved to dismiss the action on the ground it was barred by the five-year statute. The defendant conceded the petition had been filed and summons issued within the five-year period, but he contended the original summons was not "kept alive by timely renewals" and "the alleged service claimed in July, 1966, was out of time; the cause having lapsed * * * ." The Magistrate Court granted the motion. On plaintiff's appeal the Circuit Court also dismissed, citing St. Ferdinand Sewer District etc. v. Turner, Mo.App., 208 S.W.2d 85.

■ The applicable statutes do not justify the dismissal. Sections 516.100 and 516.120, V.A.M.S., declare that an action such as this must be commenced within five years after it accrues. Section 517.020, V.A.M.S., declares that an action before a magistrate is deemed commenced when summons is delivered to the sheriff to be served. The key word in these statutes is "commenced", and the record here shows that the action was "commenced" when the petition was filed and summons delivered to the sheriff on October 29, 1965, well within five years after the date plaintiff's cause of action had accrued, March 13, 1961. A long line of cases holds that the filing of a petition and the issuance of summons halt the running of statutes of limitation even though the summons is served thereafter. See Tice v. Milner, Mo., 308 S.W.2d 697[3, 5–6], and cases collected in 19A Mo.Digest, Limitation of Actions, ☞118, 119.

■ The clear words of the statutes notwithstanding, they are limited by a judicially created qualification: Since statutes of limitation are favored by the law, they should not be perverted or extended by stratagems. If the commencement of an action is to stop the running of a statute of limitation, the commencement must be genuine—one made in good faith. This qualification works two ways, actively and passively. First, the principle of "commencement" does not apply when a plaintiff files suit within time but actively obstructs service of process until a time after the limitation period has run its course. See Green v. Ferguson, Mo.App., 184 S.W.2d 790[2], and Hill–Behan Lumber Co. v. Sellers, Mo.App., 149 S.W.2d 465[2–4]. Second, the passive phase of the qualification is a corollary to the active phase: the filing of a petition and issuance of summons is but a conditional halting of the statute of limitation, and unless a plaintiff thereafter exercises due diligence in obtaining service of process the statute continues to run. This passive qualification confronts us here. Judicial application of the qualification must be on a case-by-case basis, as seen by the following decisions declaring and applying it.

In Mayne v. Jacob Michel Real Estate Co., 237 Mo.App. 952, 180 S.W.2d 809, the plaintiff filed suit and summons was issued but returned non est. Plaintiff waited ten years and then, after limitations had run, got service by an alias summons. This court analyzed earlier cases and concluded that by plaintiff's failure to make diligent use of available means to serve the defend-

ant, he had forfeited his right to claim that the statute of limitation had been tolled by the mere filing of suit and issuance of summons. We followed this in St. Ferdinand Sewer District v. Turner, supra (relied on by the trial court here). There the plaintiff filed suit and summons was issued but returned non est. Plaintiff did nothing more. Thirteen years later the defendants, still unserved, successfully moved for dismissal on the ground the statute of limitation had run. We affirmed, relying on the Mayne case.

The Supreme Court has twice applied the qualification declared in the Mayne and St. Ferdinand cases. In Driscoll v. Konze, Mo., 322 S.W.2d 824, plaintiff sought to revive a judgment by scire facias, and without reason waited over a year to request an alias writ. The trial court upheld defendant's contention that the statute of limitation had run. On appeal the court considered plaintiff's numerous previous delays in reviving the original judgment and affirmed, holding plaintiff's delay had "worked a discontinuance" of the original judgment. Next, in Continental Electric Company v. Ebco, Inc., Mo., 375 S.W.2d 134, a mechanic's lien suit, the plaintiff filed suit within the six-month limitation period, but summons was returned non est. Although means of service on the defendant's registered agent was readily available to the plaintiff, he did nothing. Eight months later, when the question of service was raised in a pre-trial conference, the plaintiff finally requested an alias summons, which was promptly served. The trial court rendered judgment for defendant on the ground the six-month statute barred plaintiff's action. On appeal the court affirmed, relying on the Mayne, St. Ferdinand and Driscoll cases. In declaring that the plaintiff's inexcusable delay in obtaining service was fatal to his action, the court considered the comparative times of the six-month statute and the eight-month delay, and also the readily available means of getting service on the defendant. In both the Continental and Driscoll cases the Supreme Court declined to set any general standard for measuring a plaintiff's lack of diligence in obtaining service of

process and held that each case must be ruled on its own facts. We will do that here.

To repeat, the issue before us is whether plaintiff's nine-month delay in getting an alias summons served on the defendant amounted to such a lack of diligent prosecution as to revive the five-year statute of limitations which had been conditionally tolled by the timely filing of his statement and the issuance of the original summons. We must reach our decision on the contents of the transcript filed here. It consists only of the magistrate and circuit court record entries. We assume therefore that no evidence was presented to the circuit court. (Fine v. Waldman Mercantile Co., Mo.App., 412 S.W.2d 549[7].)

These record entries, previously detailed, show that after filing suit the plaintiff initiated three futile attempts to have process served on the defendant in the county of his alleged residence, and finally got summons served in another county. All this within nine months after filing suit. These facts do not measure up to the long delays in the Mayne, St. Ferdinand, Driscoll or Continental cases. Because no general standard is available for measuring lack of diligence, we must rule this case on its own facts. We hold that the record fails to show plaintiff was guilty of a lack of diligence in prosecuting his action. Therefore, the statute—not the judicial qualification—controls. The action was commenced in time, and the trial court erred in dismissing plaintiff's petition.

The judgment of dismissal is reversed, and the cause is remanded.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, the judgment of dismissal is reversed and the cause is remanded.

ANDERSON, P. J., WOLFE, J., and DOUGLAS W. GREENE, Special Judge, concur.