Harvey BAKER et al.,
Plaintiffs-Appellants,

v.

LAKE LORRAINE, INC., et al.,
Defendants-Respondents.

No. 38108.

Missouri Court of Appeals,
St. Louis District,
Division Two.

Jan. 17, 1978.

Albert George Beyer, St. Louis, for plaintiffs-appellants.

Jeremiah Nixon, Joseph Cunningham, Hillsboro, for defendants-respondents.

DOWD, Judge.

This is a class action by certain lot owners against the successor grantors of Lake Lorraine subdivision in Jefferson County, Missouri.[1] The plaintiffs alleged in their suit that the defendants had failed to fulfill a fiduciary duty owed to plaintiffs and to account to them for moneys collected as assessments. The trial court found against plaintiffs-appellants and filed detailed Findings of Fact and Conclusions of Law which we found helpful. However, we did not find appellants' brief helpful in our task of deciding the points raised.

The parties filed a stipulated statement of facts.[2] The stipulation relates that in 1955 William & Elizabeth Kuehnel executed a subdivision plat and a Deed of Restrictions for the proposed Lake Lorraine Subdivision. They began construction and development for the proposed subdivision and installed dirt roads, lakes, and some utilities. The Kuehnels sold lots to buyers, and, in accordance with the Deed of Restrictions, collected yearly assessments from the lot owners which went into a maintenance fund. On May 10, 1957 the Kuehnels transferred all the land they owned in Lake Lorraine to Frank Frimel, defendant here.[3]

1. The plaintiffs are lot owners in Plat 1 of Lake Lorraine subdivision.

2. In addition to the stipulation, there was extensive testimony at the trial.

3. The named defendants are Lake Lorraine, Inc., Frank Frimel Realty, Inc., Frank Frimel, individual, and his wife Ellen Frimel. Lake Lorraine, Inc., is almost entirely owned by Frank and Ellen Frimel. For the sake of convenience we will refer to all defendants as "Frank Frimel."

From 1957 to 1961 Frimel was recognized as the grantor by the lot owners and during this period sold lots subject to the 1955 Deed of Restrictions. In 1961, Frimel and his wife formed a corporation, Lake Lorraine, Inc., and transferred their interest in Lake Lorraine Subdivision to the corporate entity. The property owners continued to pay into the assessment fund after the subdivision lots were acquired by Frimel and later Lake Lorraine, Inc. Frimel and Lake Lorraine, Inc., as successor grantors, never paid into the assessment fund for the property which they owned.

In this court tried case, the judgment must be sustained unless it is without substantial evidentiary support, unless it is against the weight of the evidence or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30 (Mo.banc 1976); *State ex rel. Shepherd v. St. Louis County*, 542 S.W.2d 55 (Mo.App.1976).

Appellants first contend that the court erred in failing to find a fiduciary relationship between the defendants and the lot owners. Contrary to appellants' contention, our examination of the trial court's Conclusions of Law shows that the court *did* find a fiduciary relationship existed between the defendants and the lot owners. The trial judge's entire Conclusions of Law are as follows:

"I. The plaintiffs have failed to prove that the defendants did not exercise fairness and good faith in the collection and disbursement of assessment funds at Lake Lorraine.

"II. The plaintiffs have failed to prove that a demand for an accounting was made and that an accounting was in fact not furnished.

"III. The plaintiffs have failed to prove that the defendants were guilty of bad faith, concealment or intentional wrong in their activities at Lake Lorraine or that their collections or disbursements were not properly made and authorized by law.

"IV. The Deed of Restrictions, when read in context of the entire document, plus all of the facts relating to the subdivision, gives Lake Lorraine, Inc. and its predecessor, Frimel, the right to assess lots held by others, but creates no duty in the grantor to assess or collect assessments from himself.

"V. Plaintiffs have no right, title or interest to the water system belonging to Frimel Water System, Inc. other than the right to purchase water, and pay for same, under the regulations of the Missouri Public Service Commission.

"VI. This Court makes no finding concerning the statute of limitations, and its application here, since same is not necessary in order for the Court to reach its conclusion and order.

"VII. No finding was made concerning the failure to state a cause of action or other defect in plaintiffs' pleadings since the other findings of fact and conclusions of law disposed of all issues in this action."

█ It is clear that the defendants occupied a fiduciary capacity regarding the maintenance fund and the trial court so found. *Young v. Lucas Construction Co.*, 454 S.W.2d 638, 641 (Mo.App.1970).

Next appellants contend that the Court erred "in that it failed to recognize the real property interests of the plaintiff lot owners in the roads, lakes and parkways of Plat One . . . and thus erred in its finding that plaintiffs' interests were not violated by defendants." We find nowhere in the record that the court in any way divested appellants of their interest in the roads, lakes and parkways.

The next point raised is that the court "erred in failing to hold that the use of the assessment funds and the common property were limited to the purposes of upkeep and maintenance of plat 1." Appellants also argue that the water system was the common property of the lot owners.

In the trial court's Findings of Fact, it is stated:

". . . [T]here was no evidence that the defendant took any of the assessment money for his own use, and if anything, the management of the assessment fund was at a financial loss to defendants; that the defendants have not failed or refused to account to the lot owners regarding the funds and expenditures of the assessment fund, nor has he misappropriated or diverted assets from same; that the plaintiffs have not proven that defendant failed to exercise fairness and good faith in handling the assessment funds; nor did they attempt to conceal, cover up or hide any act in the handling of the funds.

"At the time the development was purchased by Mr. Frimel, there was no water system existing. There was no showing that any money expended for the development or construction of the water system came from the assessment fund or from any funds received from the lot owners; Frimel Water System, Inc., a separate corporation, owns the water system, which is certificated by the Public Service Commission, which recognized such ownership and no claim of ownership or rights in the system had ever been asserted by any other individuals prior to the plaintiffs amending their petition here in April of 1974, some years after the case was filed, even though the water system was constructed many years ago. Frimel Water System, Inc. was not named as a party to this action."

It is clear that the trial court found that the assessment fund was limited to the purpose of upkeep and maintenance of Plat 1 and that the water system was not the common property of the lot owners. The Court also found that the grantors diverted no assessment funds to their own use. These findings are supported by substantial evidence. *Murphy v. Carron,* supra.

■ Our examination of the record shows that the only money from the assessment fund spent outside Plat 1 was for a beach, constructed at the request of the lot owners, a road leading to it, and another road which is the only entrance to Lake Lorraine from a public highway. The beach and roads benefited all lot owners. Appellants' point is without merit.

■ Appellants' next point reads: "The court erred by assuming facts in its findings that were contrary to those contained in the statements and documents of the stipulated statement of facts and so erroneously determined that the amendments to the Deed of Restrictions were validly made." The point as stated is an abstract, conclusionary statement which fails to state what facts in the court's findings are contrary to the stipulation and thus does not relate wherein and why the court allegedly erred in any respect. The point is in violation of Rule 84.04(d) and preserves nothing for appellate review. *Long v. Lincoln,* 528 S.W.2d 512, 513[2] (Mo.App.1975).

■ Appellants claim that the trial court failed to shift the burden of proof to defendants to account to them and maintain complete and accurate records. "The burden of proving the propriety of acts set forth in the account, if they are objected to, should rest on the trustee; but if he makes a prima facie case the burden of producing contradictory evidence is on the objector." Bogert, *The Law of Trusts & Trustees,* § 970 at 203 (2d ed. 1962). The learned trial judge concluded that Frimel had made a prima facie case that his accounts were complete and accurate. The judge found that "Mr. Frimel furnished the property owners association, for each year from 1964 through 1972, a financial report showing the receipts of the assessment funds and the expenditures therefrom. Insofar as expenditures are concerned, they showed check numbers, payees, the purpose of said expenditure and its amount." It is clear that the trial judge found that the defendants made a prima facie case of accounting to the plaintiffs and that the plaintiffs failed to produce contradictory evidence attacking the validity of the accounting. These findings are supported by substantial evidence, and we defer to them. *Murphy v. Carron,* supra.

Appellants next contend that the court erred in holding that the successor-grantors were not required to assess their own property. The Deed of Restrictions, dated July 8, 1955, which was in effect when Frimel acquired Lake Lorraine, reads in part: "As part of the consideration for the sale of this lot Grantor shall have the right to assess the owner of these lots after January 1, 1957, and each subsequent January 1 thereafter, such sums as Grantor may deem necessary for the upkeep and maintenance of the dam, roads, and other improvements . . . " Clearly this provision contemplated that the grantors assess lot owners and not themselves as grantors. We agree with the trial judge's interpretation of this provision of the restrictions.

Appellants contend that the defendants were granted "blanket assessment exemptions" for "time periods" when defendants were not grantors. The record fails to show that the defendants ever owned lots in any capacity other than that as grantors.

Appellants further argue that the court erred "in disregarding the uncontroverted evidence that defendants' books did not account for substantial assessment income and in its failure to order defendants to account or pay into the fund." There was no evidence of a failure to account and in fact, as we have held earlier, the trial court's conclusion that a complete accounting had been given is supported by substantial evidence. The point is without merit.

Appellants' next point indicates that plaintiffs' position is that the defendants must have documentary proof that expenditures claimed were within the purposes provided for in the Deed of Restrictions. First, there was substantial evidence to support the trial judge's conclusion that the $5800 Frimel took from the assessment fund was to repay himself for money he had loaned the assessment fund to enable it to pay bills. Furthermore, we hold that the judge was entitled to believe Frimel's testimony that the challenged road work done in the subdivision was in the form of repair and maintenance, and not road construction. His testimony was corroborated by the lot owners who were plaintiffs' witnesses who testified that the road work done was for maintenance only, and that they could not recall that any new roads had been built. In court tried cases we give due regard to the opportunity of the trial court to judge the credibility of witnesses. Rule 73.01(3)(b); *Lee v. Rolla Speedway, Inc.*, 539 S.W.2d 627 (Mo.App.1976). We find no error here.

Appellants' final point cumulates issues raised in his other points, and we respond by stating that we find no evidence that defendants violated a fiduciary duty, kept inadequate records, or used common property for their own interests.

A number of points ruled in this opinion were based on the fact that the record showed that the judge's findings were supported by substantial evidence. We found it unnecessary to set forth in detail the evidence pertaining to these points because an extended discussion would have no precedential value. Rule 84.16(b).

The judgment is affirmed.

STEWART, P. J., and REINHARD, J., concur.