James BLANKS, Plaintiff-Appellant,

v.

Robert CANTWELL,
Defendant-Respondent.

No. KCD 30072.

Missouri Court of Appeals,
Western District.

Feb. 26, 1979.

Dwight L. Larison, Kansas City, for plaintiff-appellant.

John E. Burruss, Jr., Jefferson City, for defendant-respondent.

Before SHANGLER, P. J., and SWOF-FORD, C. J., and WASSERSTROM, J.

PER CURIAM:

Appellant, hereafter plaintiff, appeals the judgment of the trial court dismissing plaintiff's petition for damages as barred by the limitation of Section 516.120, RSMo 1969. Affirmed.

Disposition of the cause by the trial court was upon defendant's motion for summary judgment supported by attached affidavits. Plaintiff filed no opposing affidavits and the facts thereby adduced in support of the motion stand admitted for the purpose of the motion. *Cherry v. City of Hayti Heights*, 563 S.W.2d 72 (Mo. banc 1978). Although summary judgments are not generally favored, the procedure is an appropriate vehicle for assertion of an affirmative defense entitling the party to judgment as a matter of law. *Hunt v. State Farm Mutual Automobile Insurance Company*, 560 S.W.2d 280 (Mo.App.1978).

The applicable portions of the record disclose the following facts. Plaintiff was injured in an automobile accident July 7, 1968, while riding as a passenger in a vehicle driven by defendant. Plaintiff's petition for damages was filed July 2, 1973, but summons issued to defendant was returned non est. An alias summons was issued August 30, 1976, and served on defendant the following day. No request for summons nor other process in the case appears between the dates of the non est return in 1973 and the issuance of the alias summons more than three years later.

The accident giving rise to the cause of action in 1968 occurred in Miller County which was then the residence of plaintiff and defendant. Defendant continued to live in Miller County until mid-1972 when he moved to Ohio where he obtained employment. He returned to Miller County in 1974 and lived and worked there during the succeeding two year period up to the date when service of process was completed. In fact, defendant was employed at the same place of business as plaintiff's father for more than one year subsequent to May 1, 1974, and was personally acquainted with the Miller County Sheriff who saw and spoke with defendant from time to time between May 1, 1974, and August 30, 1976.

The five year limitation applicable to this action was tolled by the filing of the petition within the limitation period which would otherwise have expired some five days thereafter. Continued suspension of the limitation period is, however, conditioned upon due diligence being exercised in obtaining service. *Votaw v. Schmittgens*, 538 S.W.2d 884 (Mo.App.1976). Whether due diligence has been exercised is to be determined on a case by case basis. *Wooliver v. Schopp*, 509 S.W.2d 216 (Mo.App. 1974).

As shown above, defendant's presence in Miller County where he was available for service of process for more than two years before any alias summons was requested is undisputed. The trial court found that by permitting the cause of action to lie dormant for more than three years, plaintiff failed to prosecute the cause without delay. Under the standard for appellate review as announced in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), the court's finding must be sustained unless against the weight of the evidence or erroneous in declaration or application of the law. No such error appears and dismissal of plaintiff's cause must be affirmed.

Defendant also directs attention to failure of plaintiff to comply with Rule 84.04(d) in stating the points relied on to show wherein and why the action of the trial court was erroneous. As stated by plaintiff in his brief, the points were, "The court erred in granting summary judgment based on the statute of limitations" and "The court erred in granting summary judgment when there was a genuine issue of fact regarding the issue of due diligence after the original summons was returned non est." So stated, plaintiff's points are mere abstract, conclusionary observations which totally fail to state wherein and why the trial court erred in granting summary judgment and what issue of fact precluded entry of the judgment. Neither point as stated preserves anything for appellate review. *Hamilton Music, Inc. v. York*, 565

S.W.2d 838 (Mo.App.1978); *Baker v. Lake Lorraine, Inc.*, 562 S.W.2d 374 (Mo.App. 1978).

Judgment affirmed.