Edwin R. KENNON, Plaintiff-Appellant,

v.

CITIZENS MUTUAL INSURANCE CO.,
and Colonial Federal Savings & Loan
Association, Defendants-Respondents,

and

Alice K. Kennon, Defendant-Appellant.

Nos. 45514, 45515.

Missouri Court of Appeals,
Eastern District,
Division Two.

Nov. 22, 1983.

Motion for Rehearing or Transfer to
Supreme Court Denied
March 14, 1984.

Application to Transfer Denied
April 16, 1984.

Dennis C. Brewer, Perryville, for plaintiff-appellant.

V. Kenneth Rohrer, Farmington, Albert C. Lowes, Jackson, for defendants-respondents.

KAROHL, District Judge.

Plaintiff-appellant Edwin Kennon and cross-claimant-appellant Alice Kennon (formerly husband and wife) seek reversal of the trial court's grant of defendant-respondent Citizens Mutual Insurance Company's ("Citizens") motion for summary judgment. While plaintiff filed his petition within the applicable one year statute of limitations, the court found that defendant Citizens was not served within the period of the statute of limitations or for a reasonable time thereafter. We reverse.

Appellants purchased a single insurance policy on their home from defendant Columbia Mutual Insurance Company to insure public liability and from defendant Citizens to insure fire loss. On July 5, 1980, a fire destroyed the insured home. Plaintiff Edwin Kennon filed suit on March 10, 1981 against both insurance companies and appellant Alice Kennon, his former wife. She filed a cross-claim, raising the same issues as those in plaintiff's petition.

On April 9, 1981, Citizens filed an answer contesting the court's jurisdiction, claiming

that it had not been lawfully served. Citizens pleaded that the purported service, made in Boone County, Missouri, was defective in that it was had on an officer of defendant Columbia Mutual Insurance Company. Since that officer had neither official capacity nor was an agent for Citizens, Citizens plead that it was not served. Citizens' answer also went to the merits of plaintiff's claim.

Between April 9, 1981 and July 5, 1981, Citizens moved the court for an order to secure costs, served interrogatories on plaintiff, received Alice Kennon's cross-claim, and filed a similar answer, repeating its assertion that the court lacked jurisdiction over defendant. Citizens also responded to Alice Kennon's motion for production of documents and interrogatories.

On September 1, 1981, Citizens appeared before the trial court to contest a notice of readiness and to request a trial setting. At a second appearance, on October 6, 1981, the court set a trial date for February 24, 1982.

Plaintiff requested an alias summons to issue for defendant Citizens on October 29, 1981. On October 30, 1981, Citizens served notice to take depositions. The sheriff of Cape Girardeau County reported service on defendant Citizens on November 3, 1981. The return of service recited that the summons was left with "Mrs. Ann Wills (secretary)."

Defendant Citizens filed a motion for summary judgment on December 10, 1981. Citizens contended that its original answer informed plaintiff that it was a farmers mutual insurance company and thus a corporation under Chapter 380 RSMo 1978. Thus, the applicable statute of limitations was one year, § 380.840 RSMo 1978, and began to run on July 5, 1980. The motion stated that the original service conveyed no jurisdiction over Citizens, and that neither party attempted to obtain service until the alias summons was issued on October 29, 1981, after the statute of limitations had expired. Citizens contended in the motion and by affidavit that the alias summons was left at the company's office with a

secretary who was not an agent, servant or employee for purposes of receiving summons, and therefore requested summary judgment based upon the expiration of the statute of limitations and lack of personal jurisdiction.

The trial court granted the motion for summary judgment after a hearing at which only counsel for Alice Kennon, and defendant Citizens appeared. The trial court designated this as a final appealable judgment under Rule 81.06 since Colonial Federal Savings & Loan Association, an inactive party, remained in the case.

In its findings of fact and conclusions of law, the trial court found that the alias summons was left with a clerical employee, and that at no time was service had on a corporate officer of Citizens. The court concluded that there was no genuine issue of fact that no reasonable effort at service on Citizens had been made prior to July 5, 1981 (date of expiration of the one year statute of limitations) nor within a reasonable time thereafter.

 Summary judgment is a drastic remedy and is therefore inappropriate unless the prevailing party has shown by unassailable proof to be entitled thereto as a matter of law, *First National Bank of St. Charles v. Chemical Products, Inc.*, 637 S.W.2d 373, 375 (Mo.App.1982), even though his affidavit in support of the motion has not been opposed. *E.O. Dorsch Electric Co. v. Plaza Construction Co.*, 413 S.W.2d 167, 170 (Mo.1967). Summary judgment should not be granted where there is the slightest doubt as to material facts. *First National Bank v. South Side National Bank*, 644 S.W.2d 377, 379 (Mo. App.1982).

 In reviewing a grant of summary judgment, we must scrutinize the record in the light most favorable to the party against whom summary judgment was rendered. *Miller v. Kruetz*, 643 S.W.2d 310, 312 (Mo.App.1982). The summary judgment procedure is an appropriate vehicle, however, for assertion of an affirmative defense entitling the party to judgment as

a matter of law. *Blanks v. Cantwell*, 578 S.W.2d 349, 350 (Mo.App.1979).

Defendant claimed that although plaintiff's suit was filed within one year from the date of the loss, defendant was never appropriately served, and therefore the one year statute of limitations, § 380.840, expired.

■ Generally, the filing of a petition and issuance of summons is but a conditional halting of the applicable statute of limitations. *Daniels v. Schierding*, 650 S.W.2d 337, 339 (Mo.App.1983). Continued suspension of the limitation period is conditioned upon due diligence being exercised in obtaining service. *Atkinson v. BeMac Transport, Inc.*, 595 S.W.2d 26, 28 (Mo. App.1980). Whether due diligence has been exercised is to be determined on a case by case basis. *Wooliver v. Schoop*, 509 S.W.2d 216, 217 (Mo.App.1974).

Plaintiff contends that he exercised due diligence because the petition was filed within the period of the statute, defendant had notice of the case, the sheriff's return properly showed service of process upon defendant in Columbia, Missouri, and defendant participated in pre-trial matters.

■ Plaintiff cannot rely on the sheriff's return of his original attempt at service, however. Plaintiff's order to issue an alias summons constitutes an abandonment of the original service. *State ex rel. Peterbilt Co. v. Litz*, 569 S.W.2d 387 (Mo.App.1978). *State ex rel. Masada Seisakusho Co. v. Moss*, 548 S.W.2d 185 (Mo.App.1977).

We turn then to the question of whether plaintiff exercised due diligence in obtaining service upon defendant Citizens on November 3, 1981. It is upon this issue, a mixed question of law and fact, that defendant has failed to show by unassailable proof that it is entitled to judgment as a matter of law.

■ Citizens presented an affidavit at the motion for summary judgment stating that Ann Wills was an employee for clerical purposes and for no other purpose. As plaintiff filed no opposing affidavit, the facts stated therein stand admitted for purposes of summary judgment. *Blanks v. Cantwell*, 578 S.W.2d at 350; *Cherry v. City of Hayti Heights*, 563 S.W.2d 72, 75 (Mo. banc 1978). Nevertheless, even if Mrs. Wills was only a clerical employee, by statute, she could have received service of process on behalf of Citizens. Section 506.-150 RSMo 1978 provides that service shall be made upon a corporation by delivering a copy of the summons and the petition to an officer, partner, a managing or general agent, "or by leaving the copies at any business office of the defendant with the person having charge thereof ...." The affidavit failed to state that Mrs. Wills did not have charge of the office at the time of service. That fact cannot be deemed admitted.

In its findings of fact and conclusions of law, the trial court stated only that Mrs. Wills was a clerical employee and that at no time was service ever had on any corporate officer of Citizens. While this may be true, § 506.150 does not require that service can only be made upon a corporate officer. The court then concludes that no reasonable effort at service was made either before the expiration of the statute or within a reasonable time thereafter.

■ We believe that these findings indicate that the court had a mistaken belief that plaintiff was required to serve a corporate officer to have adequate service. Moreover, the court's findings cannot support the conclusion of law that no adequate service was had on Citizens when Mrs. Wills' capacity to receive service was an issue of fact.

On the state of the record, summary judgment was not a proper remedy in this case. *See Want v. Leve*, 574 S.W.2d 700, 715 (Mo.App.1978). The court cannot make a finding that plaintiff failed to exercise due diligence in obtaining service on defendant without first determining whether defendant was ever properly served.

■ The court must determine whether or not defendant was served, and if not, whether a reasonable time for obtaining service had expired at the time of

the summary judgment. If the court finds that defendant was served, it may properly dismiss plaintiff's cause of action for lack of due diligence upon consideration of the length of delay, the facts surrounding the parties' participation in discovery,[1] the length of the statute of limitations, the available means of getting service on defendant, *see Emanuel v. Richards*, 426 S.W.2d 716, 719 (Mo.App.1968), and any other pertinent facts. Prejudice from the delay would also be a valid consideration.

The trial court essentially treated plaintiff Edwin Kennon and defendant-cross-claimant Alice Kennon the same. In its findings of fact and conclusions of law, the court made no findings specific to Alice Kennon. She claims that the original purported service on Citizens in Columbia was proper because both Citizens and Columbia Mutual Insurance Co. jointly issued one policy, so that service on one company was good service on the other.

■■■ Alice Kennon cites no authority for her proposition that evidence that two entities were co-insurors, on a single policy, standing alone, supports an inference that the two entities were mutual agents. In order to establish an implied agency, it must be shown that the purported principal held out the alleged agent as his agent or permitted him to act in such capacity with his knowledge and acquiescence. *Dudley v. Dumont*, 526 S.W.2d 839, 844–45 (Mo. App.1975). In view of our ruling we decline to decide this issue, however.

Nevertheless, the inquiry as to Alice Kennon does not end. Although the court treated Edwin Kennon and Alice Kennon the same, they were not in equal positions with respect to service of process. Alice Kennon did not order the alias summons and did not abandon the validity of the original summons. Once the original petition is filed service of every pleading required to be made upon a party represented by an attorney of record, shall be made

upon the attorney unless service upon the party himself is ordered by the court. Rule 43.01. Alice Kennon's answer and cross-claim was served on defendant Citizens' attorney.

■■■ Under these facts, we believe that when she filed her answer and cross-claim as a co-defendant cross-claimant, she was entitled to rely on the method of service provided for in Rule 43.01 for pleadings subsequent to the original petition. Her answer and cross-claim was filed on April 16, 1981, within the one year statute of limitations. It is true that defendant Citizens' answer to the cross-claim incorporated its claim that the original service attempted by plaintiff was defective. However, until there is a judicial determination that the court lacks personal jurisdiction over defendant because of lack of service or that the statute of limitations has expired for plaintiff's failure to use due diligence in obtaining service of process on defendant, she is entitled to serve defendant's attorney as provided for in Rule 43.-01.

Our research has disclosed no Missouri case precisely on point. Nevertheless, defendant Citizens does not, and indeed cannot, claim that it did not have notice of Alice Kennon's answer and cross-claim. Notice is the fundamental purpose of service of process. *Industrial Personnel Corp. v. Corcoran*, 643 S.W.2d 816, 818 (Mo.App.1981). In this light and on the facts of this case, supported by Rule 43.01, we perceive no reason why the cross-claimant co-defendant has to make personal service on the co-defendant in order to avoid the statute of limitations from running unless defendant Citizens could prove prejudice.

If, upon remand, the trial court determines that defendant Citizens was properly served on November 3, 1981 and this was within a reasonable time after the statute of limitations had expired, then Alice Ken-

---

**1.** We note that once defendant claimed defective service and lack of jurisdiction in its answer, defendant may thereafter plead over, prepare for trial, utilize all procedures available in preparation for trial, and try the case on the merits without waiving the jurisdictional question. *See Greenwood v. Schnake*, 396 S.W.2d 723, 726 (Mo.1965).

non's cross-claim stands. If, on the other hand, the trial court determines either that plaintiff never obtained adequate service on Citizens and a reasonable time had expired, or that plaintiff obtained service on Citizens but did not exercise due diligence in doing so, plaintiff Edwin Kennon's claim may be dismissed or summary judgment entered for Citizens. If there is no prejudice to Citizens, however, Alice Kennon should be given a reasonable amount of time in which to obtain personal service of process upon defendant pursuant to Rule 54.13(3).

Summary judgment is reversed and remanded for further proceedings not inconsistent with this opinion.

DOWD, C.J., concurs.

SNYDER, J., dissents in separate dissenting opinion.

SNYDER, Judge, dissenting.

I respectfully dissent. I am unable to agree that there was a disputed issue of material fact concerning the attempt to serve the Citizens Mutual Insurance Co. The return showed service on Ann Wills. The statute requires that service may be attained by delivering a copy of the summons and the petition to an officer, partner, a managing or general agent, "or by leaving the copies at any business office of the defendant with the person having charge thereof ..."

The uncontradicted affidavit filed by Citizens Mutual in support of its motion for a summary judgment stated that Ann Wills was an employee for clerical purposes and for no other purpose. The majority says that the affidavit failed to state that Mrs. Wills did not have charge of the office at the time of service. If she were an employee for no other purpose than clerical purposes, the phrase "no other purpose" plainly would include the purpose of having charge of the office.

If there were no valid service on Citizens Mutual, then the trial court had no jurisdiction over Citizens Mutual and Mrs. Kennon's attempted service by mailing a copy of her pleading to Citizens Mutual's lawyer was ineffective.

I would affirm the trial court's summary judgment in favor of Citizens Mutual Insurance Co.