Floyd C. WARMANN and Jeanette Rand Mitchell, Appellants,

v.

George P. MEIER, and David R. Mars, Respondents.

No. 49484.

Missouri Court of Appeals,
Eastern District,
Division Six.

Oct. 8, 1985.

---

Alan G. Kimbrell, Rosecan & Kimbrell, St. Louis, for appellants.

Moline, Tegethoff, Ottsen, Mauze & Leggat, Lamar E. Ottsen, and Schlueter & Byrne, Albert M. Schlueter, Kenneth V. Byrne, St. Louis, for respondents.

CRIST, Presiding Judge.

Warmann and Mitchell (plaintiffs) appeal from a summary judgment granted to defendants in a civil suit for fraud. We reverse and remand.

Mars and Meier (defendants) each owned one-half of the capital stock of Ramm Manufacturing Corporation (Ramm). Ramm was formed to manufacture and sell grain bins. In December of 1974, plaintiffs, defendant Mars, and a lawyer whose allegiance to any particular party in this transaction is questionable, met at plaintiff Mitchell's home. Plaintiffs each agreed to personally guarantee payment of a debt owed to Manchester Bank by Ramm and defendants, in exchange for all of the capital stock of Ramm. The exchange took place, but Ramm did not thereafter prosper. Plaintiffs subsequently filed suit against defendants alleging fraud in the inducement.

Defendants Mars and Meier each filed motions for summary judgment. In their motions, Mars and Meier alleged that based on the deposition of each plaintiff, and the pleadings, Mars and Meier were each entitled to judgment as a matter of law. Mars additionally relied on his own affidavit.

In their sole point on appeal, plaintiffs assert the trial court erred when it granted defendants' motions for summary judgment, because there was sufficient evidence in the record from which a jury could find the elements of fraud. Defendants respond that plaintiffs did not rely, and had no right to rely on any of the alleged misrepresentations made by Mars. Defendants also claim that any representations Mars made were not the proximate cause of plaintiffs' injury. Defendant Meier additionally responds that plaintiffs did not establish an agency relationship between him and Mars.

When defendants put plaintiffs' depositions into evidence, they vouched for plaintiffs' testimony. *See Brown v. Prudential Ins. Co. of America*, 375 S.W.2d 623, 631 (Mo.App.1964). Plaintiffs, in their depositions, testified Mars represented to them Ramm had already manufactured complete grain bins, including a prototype outside the Ramm factory and others in other cities. Plaintiffs testified Mars represented to them that Ramm had over $1,000,000.00 in orders. Plaintiffs testified they relied on Mars' representations. Plaintiffs also testified they relied on the advice of the attorney present at the meeting in plaintiff Mitchell's home in December, 1974. Plaintiffs' deposition testimony

further indicates they believed Mars was acting for Meier when the transaction between Mars and plaintiffs took place. In addition, Meier accepted the benefits of the bargain made by Mars.

■ Summary judgment is a drastic remedy and should only be granted when the prevailing party has shown by unassailable proof to be entitled to judgment as a matter of law. *Kennon v. Citizens Mut. Inc. Co.*, 666 S.W.2d 782, 784 (Mo.App.1983). Summary judgment should not be granted where there is the slightest doubt as to material facts. *Id.* Defendants may not rely on unfavorable portions of plaintiffs' deposition testimony and ignore other favorable testimony. *See Weldon, Williams & Lick v. L.B. Poultry*, 537 S.W.2d 868, 871–72 (Mo.App.1976).

■ In the present case, when the record as a whole is viewed in the light most favorable to plaintiffs, it is clear that defendants were not entitled to judgment as a matter of law. There is conflicting testimony concerning material facts. Therefore, the summary judgment must be reversed.

Reversed and remanded.

DOWD and KAROHL, JJ., concur.