**Bruce MILLER & Jeanette C. Miller, Plaintiffs–Appellants,**

v.

**Defendant Ad Litem, Allan AGATHEN, for Walter H. CHRISTEN, (Deceased), and State Farm Insurance Company, Defendants–Respondents.**

No. 58951.

Missouri Court of Appeals, Eastern District, Division One.

March 5, 1991.

I.I. Lamke, Robin E. King, Washington, for plaintiffs-appellants.

K. Steven Jones, St. Louis, for defendants-respondents.

PUDLOWSKI, Presiding Judge.

On May 31, 1984, an automobile accident occurred between appellant, Bruce Miller,

and Walter H. Christen, who died seven months after the accident (hereinafter referred to as "deceased").

On April 10, 1989, appellants, Bruce Miller and his wife, Jeanette Miller, filed a two count petition in the Circuit Court of St. Louis County for damages against deceased and State Farm Mutual Automobile Insurance Company (hereinafter State Farm), the liability insurance carrier for deceased at the time of the accident.

On April 10, 1989, appellants also filed a motion for appointment of defendant *ad litem*, as per § 537.021 RSMo 1988, Joseph Neill, (hereinafter Neill) for deceased. At that time, appellants requested a summons be issued to both Neill and State Farm. The address given for Neill was in the City of St. Louis, Missouri. Service of process was to be obtained for State Farm with the Division of Insurance, Truman Office Building, Jefferson City, Missouri, 65101. The record on appeal reveals a copy of the summons issued to Neill, and is dated April 17, 1989. The record also includes a copy of the summons issued to State Farm, and is dated April 18, 1989. On April 28, 1989, service was made upon State Farm. However, the record indicates that no return of service or non est was filed for Neill. On May 18, 1989, appellant filed an amended motion for appointment of Alan Agathen (Agathen), to be substituted as defendant *ad litem* for deceased and to dismiss Neill.

At that time appellants requested that a summons be issued to Agathen at his business address, in the County of St. Louis, Missouri. On June 6, 1989, an order was signed dismissing State Farm as a party and and the court substituted Agathen as defendant *ad litem*. For the second time the appellants requested service upon Agathen. It was not until September 19, 1989, that appellants became aware of the fact that a summons had not been issued and that Agathen had not been served. On September 28, 1989, appellants again requested service of summons to Agathen. Finally, service was obtained on October 12, 1989, four months and twelve days after the statute of limitations had run.

On October 20, 1989, State Farm filed a new motion to dismiss based upon the statute of limitations, § 516.120 RSMo 1988. State Farm amended this motion on November 1, 1989. The amended motion was for the purpose of specifically indicating that it was filed on behalf of Agathen. State Farm also reasserted that it had been previously dismissed as a party on June 6, 1989.

On August 6, 1990, the Honorable Philip J. Sweeney entered his order dismissing appellants' petition with prejudice and at appellants' cost. On August 16, 1990, appellants filed a motion for reconsideration and a memorandum in support thereof. The trial court denied this motion on the same day. Appellants filed this appeal.

Section 516.100 RSMo and 516.-120 RSMo 1986, the time limitations statutes applicable here, require that all such actions must be commenced within five years after it occurs. Rule 53.01 states that an action is deemed commenced by the filing of a petition with the court. However, the filing of a petition and issuance of summons is but a conditional halting of the applicable statute of limitations. *Kennon v. Citizens Mutual Insurance Company*, 666 S.W.2d 782, 785 (Mo.App.1983); *Daniels v. Schierding*, 650 S.W.2d 337, 339 (Mo.App.1983). Continued suspension of the limitation period is conditioned upon due diligence being exercised in obtaining service. *Emanuel v. Richards*, 426 S.W.2d 716, 718 (Mo.App.1986); *Atkinson v. Be-Mac Transport, Inc.*, 595 S.W.2d 26, 28 (Mo.App.1980). Whether due diligence has been exercised is to be determined on a case by case basis. *Votaw v. Schmittgens*, 538 S.W.2d 884, 886 (Mo.App.1976); *Wooliver v. Schoop*, 509 S.W.2d 216, 217 (Mo. App.1974). We also recognize that if the trial court finds that defendant was served, it may properly dismiss plaintiff's cause of action for lack of due diligence upon consideration, among other factors, the following: (1) the length of delay; (2) the facts surrounding the parties' participation in the matter; (3) the length of the statute of limitations; (4) the available means of obtaining service on defendant, and any other

pertinent facts. *Kennon v. Citizens Mutual Insurance Company*, 666 S.W.2d 782 at 786; *Emanuel v. Richards*, 426 S.W.2d 716 at 718. In addition, prejudice from the delay would also be a valid consideration for dismissal. *Kennon v. Citizens Mutual Insurance Company*, 666 S.W.2d 782 at 786.

 Keeping in mind the aforementioned criteria, we review the actions taken by the appellants. The cause of action accrued on May 31, 1984, and was "commenced" on April 10, 1989, within the statute of limitations time period. They properly requested a defendant *ad litem*, as per § 537.021. In an abundance of safety, they also joined the deceased's insurance carrier, State Farm.

On April 10, 1989, the day of filing, appellants provided service copies and addresses for service for both defendant *ad litem*, Neill, and State Farm. Appellants also requested summons to issue. The record clearly shows that State Farm received service on April 28, 1989. More importantly, the record reveals that appellants, upon learning that no return of service or non est had been filed with regard to Neill, filed a motion to substitute Agathen for Neill as defendant *ad litem* and enclosed a service copy of the petition to serve upon Agathen. Appellants filed this motion on May 18, 1989, thirteen days before the statute of limitations had run. Upon discovery that Agathen had not been served, the appellants, for the third time, requested service of process upon Agathen. Service was finally achieved on October 12, 1989, four months and twelve days after the running of the statute of limitations. The record indicates that appellants filed their cause of action within the time period before the statute of limitations had run. Appellants also requested service for the first defendant *ad litem*, Neill, within the time period. Subsequently, appellants exercised due diligence in obtaining service upon the substituted defendant *ad litem*, Agathen.

During this period of time, State Farm, although not a proper party to the law suit but certainly an interested entity, was fully aware of the progression of the law suit and they can hardly be heard that it was prejudiced as a result in the delay of service upon the defendant *ad litem*. In addition the appellants exerted reasonable efforts to have the defendant *ad litem* served. As we said in *Schmittgens* the appellants should have an opportunity for a determination of the merits of their claims and we therefore reverse and remand the cause for further proceedings.

Judgment reversed.

KAROHL and GRIMM, JJ., concur.