Rockingham
No. 90-225

### DROP ANCHOR REALTY TRUST

v.

### TOWN OF WINDHAM & a.

March 25, 1991

*Salomon & Nebling*, of Hampton (*Craig N. Salomon* on the brief and orally), for the plaintiff.

*Orr and Reno P.A.*, of Concord (*James E. Morris* on the brief), and *Peabody & Brown*, of Boston, Massachusetts (*Marcus E. Cohn* orally), for the defendant Bank of New England, N.A.

JOHNSON, J. This case concerns real estate in Windham purchased at a tax sale by the plaintiff, Drop Anchor Realty Trust (Drop

Anchor). The defendant Bank of New England, N.A. (BNE), appeals the Superior Court's (*Mohl*, J.) decision to validate the tax deed Drop Anchor received from the defendant Town of Windham (the Town) for the subject property, and raises several issues regarding the adequacy of notice. We affirm the superior court's ruling.

The pertinent facts of this case are as follows. Hardwood Investment Trust (Hardwood) did not pay the taxes levied by the Town on a unit in Hardwood Heights Condominium for the year 1986, and the Town conducted a tax sale of the property on April 6, 1987. Drop Anchor purchased the property at the tax sale, and thereafter delivered notice of the purchase in hand to an employee of BNE at one of BNE's branch offices. The employee was neither an officer nor a director of BNE, and the parties have agreed that the individual served was an "underling employee."

On April 1, 1988, Drop Anchor paid the taxes the Town levied on the property for the year 1987, and within thirty days notified BNE by certified mail of the payment. This notice indicated that the property in question had been the subject of a previous tax sale on April 6, 1987, and that Drop Anchor had made the subsequent tax payment as a holder of a tax lien arising out of the 1987 tax sale. The Town then gave Hardwood a "Notice of Impending Tax Deed." The notice, dated March 6, 1989, correctly informed Hardwood of the amount it would have to pay in order to redeem the property, and the date by which payment was due. However, it incorrectly stated that the tax sale had occurred on April 6, 1986 (it actually occurred on April 6, 1987). Hardwood failed to redeem the property, and on April 7, 1989, the Town deeded it to Drop Anchor.

On August 23, 1989, Drop Anchor filed a petition to quiet title to the subject property. BNE filed an answer to the petition, and asserted that Hardwood, and not Drop Anchor, was the owner of the property. BNE argued that Drop Anchor's title was defective because: (1) "[t]he delivery of notice of [Drop Anchor's] purchase at tax sale which was given in hand to an underling employee of [BNE] and not to an officer of [BNE], does not constitute notice sufficient to satisfy the statutory requirements"; and (2) "[t]he notice of impending tax deed which was given to [Hardwood] by the Town . . . , was improper in that it indicated that the tax sale for which the deed was being given was April 6, 1986 . . . ." Drop Anchor moved for summary judgment, arguing that the notices complained of in BNE's answer were valid. BNE objected to Drop Anchor's motion for summary judgment, and filed its own summary judgment motion, in which it

again argued that the notice of impending tax deed, given to Hardwood by the Town, was invalid because it incorrectly stated the date of the tax sale. The superior court found no genuine issue of material fact, and concluded that the notices complained of satisfied statutory requirements. Thus, the court granted Drop Anchor's motion for summary judgment and denied BNE's.

BNE raises several issues on appeal. First, it argues that Drop Anchor was improperly granted summary judgment because a genuine issue of material fact existed as to whether the notice Drop Anchor gave to a BNE "underling employee" constituted proper notice to BNE of the tax sale. Further, it argues that, *as a matter of law*, notice of the tax sale to an "underling employee" could not constitute proper notice to BNE. Second, BNE asserts that the Town was required by statute to give it notice of Drop Anchor's payment of subsequent tax. Third, BNE alleges that the notice of payment of subsequent tax that it received from Drop Anchor was invalid because it contained misleading errors. Fourth, BNE argues that the notice of impending tax deed, given by the Town to Hardwood, was also invalid due to a misleading error as to the year of the tax sale. Fifth, BNE argues that the due process clause of the fourteenth amendment to the United States Constitution requires that notice of an impending tax deed be given to a mortgagee. Because it received no such notice, BNE argues that the tax deed given to Drop Anchor by the Town is invalid. Sixth, BNE asserts that the superior court incorrectly found that BNE received certified notice of the impending tax deed.

We note at the outset that BNE did not raise below its arguments numbered two, three, and five; therefore we do not address those arguments. *See State v. Brown*, 132 N.H. 520, 527, 567 A.2d 544, 548 (1989). Thus, we will address only those arguments pertaining to the notice of the tax sale given to BNE by Drop Anchor, the notice of impending tax deed given to Hardwood by the Town, and the alleged factual error of the superior court.

Before addressing these issues, we set forth the pertinent portions of the relevant statutes.

> RSA 80:28 (Supp. 1990): *"Notice by Purchaser to Mortgagee.* The purchaser of any real estate sold by a collector of taxes, within 45 days from the date of such sale, shall notify all persons holding mortgages upon such property as recorded in the office of the register of deeds. . . . Any tax sale

of such encumbered real estate shall be void as against any mortgagee and no tax collector's deed based on said sale shall be valid unless the mortgagees shall have been notified in the manner provided in RSA 80:29 . . . ."

RSA 80:29 (Supp. 1990): "—*How Given.* The notice shall be in writing, and a copy shall be given to each mortgagee in hand, or left at his usual place of abode, or sent by registered mail to his last known post-office address."

RSA 80:37 (Supp. 1990): "*Payment of Subsequent Tax.* The purchaser of real estate at any tax sale may pay to the collector any tax assessed upon the real estate subsequent to that for which it was sold . . . . The purchaser, within 30 days of payment of the subsequent tax, shall personally, or by certified mail, notify in writing any mortgagee who was notified of his purchase at the tax sale of this payment of the subsequent tax."

RSA 80:38-a (Supp. 1990): "*Notice to Current Owner.* At least 30 days prior to executing the deed under RSA 80:38, the tax collector shall notify the current owner of the property or his representative or executor, by certified mail, return receipt requested, of the impending deeding. The cost of this notice shall be added to the existing tax lien."

## I. *Notice of Tax Sale*

▮ BNE argues that the superior court improperly granted Drop Anchor summary judgment because there existed a genuine issue of material fact as to whether Drop Anchor's notice of the tax sale, pursuant to RSA 80:28 (Supp. 1990), given to a BNE "underling employee," constituted effective notice to BNE. We disagree. As Drop Anchor points out, RSA 491:8-a, IV states that a party opposing a summary judgment motion "may not rest upon mere allegations or denials of his pleadings, but his response, by affidavits or by reference to depositions, answers to interrogatories, or admissions, must set forth specific facts showing that there is a genuine issue for trial." BNE failed to file an affidavit, deposition, answer to interrogatory, or admission setting forth specific facts to bolster its contention that BNE did not receive proper notice.

"Although the motion itself was replete with allegations, an unsworn motion is not an affidavit. The motion can do no more than articulate the relevant factual claims that must

then be supported by affidavit, deposition, answer to interrogatory or like discovery material."

*Brown v. John Hancock Mut. Life Ins. Co.*, 131 N.H. 485, 490, 558 A.2d 822, 824 (1989). BNE failed to pursue the proper procedure for demonstrating that there may have been a genuine issue of material fact as to whether it received notice of the tax sale from Drop Anchor pursuant to RSA 80:28 (Supp. 1990), and therefore the superior court properly granted summary judgment to Drop Anchor.

■ BNE also argues that, *as a matter of law*, notice of a tax sale to a corporation's "underling employee" does not constitute notice to the corporation. Again, we disagree. RSA 80:29 (Supp. 1990), which specifies the manner in which a purchaser must notify a mortgagee of a tax sale, states: "The notice shall be in writing, and a copy shall be given to each mortgagee in hand, or left at his usual place of abode, or sent by registered mail to his last known post-office address." The statute's predecessor, RSA 80:29 (1970), contained an additional sentence: "If a corporation is a mortgagee, notice shall be given in the manner aforesaid to the president or treasurer thereof." This provision was deleted from the statute in 1979. Laws 1979, 187:1. We interpret the effect of this statutory change to be that notice need no longer be given to the president or treasurer of the corporation, and that it may now be given to any appropriate person.

The question whether the BNE "underling employee" was an appropriate person, and thus whether BNE received proper notice of the tax sale, is a question of fact. *See* 19 C.J.S. *Corporations* § 730, at 387 (1990) (concerning service of process); *Kennon v. Citizens Mut. Ins. Co.*, 666 S. W.2d 782, 785 (Mo. App. 1983) (same). BNE at no time has claimed that the notice given to the underling employee failed to give actual notice to the bank. Although the superior court is the proper forum to resolve such issues, BNE did not properly present this question to that court through appropriate affidavits, as discussed above. Therefore, the court below correctly granted Drop Anchor's motion for summary judgment.

II. *Notice of Impending Tax Deed*

BNE asserts that an error concerning the date of the tax sale contained in the notice the Town gave Hardwood of the impending tax deed, pursuant to RSA 80:38-a (Supp. 1990), rendered the notice ineffectual and thus served to invalidate the subsequent tax deed given to Drop Anchor by the Town. We disagree.

■ As noted above, the notice incorrectly stated that the tax sale had occurred on April 6, 1986, rather than April 6, 1987, the actual date. The notice did, however, accurately inform Hardwood of the impending deed. Although all notices given pursuant to RSA 80:38-a (Supp. 1990) should be completely accurate, we will not invalidate such a notice merely because of a scrivener's error which results in no demonstrated prejudice.

III. *Superior Court Factual Error*

■■ Finally, we address BNE's contention that the superior court incorrectly found that BNE had received certified notice of the impending tax deed. Drop Anchor agrees that this finding is erroneous; there being no support in the record for the finding, we concur. However, there is no indication that, but for this erroneous finding, the trial court would have ruled differently. Moreover, as discussed above, we conclude that the court below reached the correct decision. We refrain from reversing a result rightly reached, but which contains an erroneous finding that did not affect the result. *See Topjian Plumbing & Heating, Inc. v. Bruce Topjian, Inc.*, 129 N.H. 481, 485, 529 A.2d 391, 394 (1987).

*Affirmed.*

All concurred.