Dan HOFFMAN, Plaintiff,

v.

Diane E. BENSON, Defendant.

No. 88–1062–CV–W–8.

United States District Court,
W.D. Missouri, W.D.

March 8, 1993.

Marc R.H. Joseph, Kansas City, MO, for plaintiff.

Thomas R. Bellmann, Kansas City, MO, for defendant.

## ORDER

STEVENS, Chief Judge.

This four and a half year-old matter is finally before the court on defendant's motion for judgment on the pleadings.

Plaintiff filed a complaint on October 31, 1988, alleging three counts: breach of contract, slander and false arrest. The complaint was premised on diversity jurisdiction because plaintiff is a resident of Missouri, defendant is a resident of California and plaintiff alleged a jurisdictional amount over $10,000.[1] On November 2, 1988, plaintiff attempted service of process by mail in accordance with Fed.R.Civ.P. 4(c)(2)(C)(ii). Defendant never acknowledged receipt. Plaintiff did not attempt service again until Winter 1991, when the court ordered plaintiff to show cause why the complaint should not be dismissed for failure to prosecute. On December 11, 1991, plaintiff finally obtained personal service on defendant. The case

then returned to dormancy, and it was not until the after the court entered another show cause order that on March 27, 1992 plaintiff filed a motion for default judgment.[2] The court finally heard from defendant in May 1992 and with the consent of plaintiff, permitted defendant to file an answer out of time on June 16, 1992.

In a relative flurry of activity, defendant filed a motion for judgment on the pleadings, which garnered an untimely[3] response and then a lightning-fast reply from defendant one day later.

■ Defendant moved for judgment on the pleadings on the grounds of lack of jurisdiction, improper venue, statute of limitations, and untimely service of process. Since plaintiff's failure to obtain timely service is dispositive, the court will not address defendant's other grounds.

Under the Federal Rules of Civil Procedure, service of process is the responsibility of the plaintiff and it must be accomplished within 120 days of the filing of the suit. Failure to serve within that time may result in dismissal:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action *shall* be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Fed.R.Civ.P. 4(j) (emphasis added). In this case, service was not made within 120 days. It took nearly 1200 days![4] The court is compelled to dismiss this complaint unless plaintiff can show "good cause" for this extraordinary delay. The only "cause" offered

---

1. Plaintiff's suit was filed before Congress raised the jurisdictional amount to $50,000 in the Judicial Improvements and Access to Justice Act of November 19, 1988, § 201, Pub.L. 100–702, 102 Stat. 4642.

2. In the meantime, the court dismissed the case because it believed that no response to its show cause order was forthcoming. When the smoke had cleared and documents from the clerk's office had settled, it was discovered that plaintiff

had slid in under the wire with his response and the case was re-opened.

3. Defendant filed the motion on June 12, 1992. Local Rule 13(C) allows 12 days in which to file suggestions in opposition to a motion. Plaintiff did not respond until July 13.

4. To be precise, plaintiff served defendant 1141 days after the complaint was filed.

by plaintiff was "Plaintiff made a diligent effort to serve Defendant by certified mail service when the case was initially filed. Service was not made on Defendant and Plaintiff understood that Defendant had possibly moved from the residence address. Plaintiff has attempted to verify Defendant's address, but until recently has been unable to locate Defendant." Plaintiff's Answer to Order to Show Cause, November 15, 1991. Pursuant to Fed.R.Civ.P. 4(c)(2)(C)(ii), if service by mail is not acknowledged, plaintiff is required to attempt service by some other means. No such attempt was made. Plaintiff did not, under the terms of the rules of civil procedure, make a diligent effort to effect service.

Even if the attempted service by mail was "diligent," plaintiff still has shown no "good" cause why service was not made. Plaintiff only states that "Plaintiff understood that Defendant had possibly moved." Possibly is not good enough. The court does not believe that plaintiff made any serious attempt to find defendant until ordered by the court. When finally pushed into action, plaintiff successfully obtained personal service on defendant at the same address at which mail service was attempted three years before. Despite plaintiff's unsupported allegations, there is no evidence to suggest that defendant tried to "avoid" service. The facts do not demonstrate "good cause."

The court, therefore, is required to dismiss this complaint without prejudice. Out of fairness, the court should consider the effect dismissal for failure to serve within 120 days would have on plaintiff. The court is not unmindful that if the case is dismissed, some claims may not be refiled due to the expiration of the statute of limitations. Plaintiff's Counts II and III, alleging slander and false imprisonment, would be barred by the Missouri statute of limitations which provides that such claims must be brought within two years. Mo.Rev.Stat. § 516.140.

■ However, those claims would be barred by the statute of limitations if they are allowed to continue in this forum as well. Plaintiff did file his complaint in this court

within the two-year period allowed for these claims. But while a civil action is commenced in federal court when it is filed, state rules for the tolling of the statute of limitations apply when the case is brought under the court's diversity jurisdiction. *Walker v. Armco Steel Corp.*, 446 U.S. 740, 100 S.Ct. 1978, 1985, 64 L.Ed.2d 659 (1980).

■ Under Missouri law, the statute of limitations is tolled when an action is filed. Mo.R.Civ.P. 53.01. However, filing a complaint is only a conditional suspension on the running of the statute of limitations. *E.g., Kennon v. Citizens Mut. Ins. Co.*, 666 S.W.2d 782, 785 (Mo.Ct.App.1983). To continue the suspension, the party must exercise due diligence in obtaining service of process. *Atkinson v. Be–Mac Transport, Inc.*, 595 S.W.2d 26, 28 (Mo.Ct.App.1980). An evaluation of "due diligence" should be made on a case-by-case basis. *Miller v. Agathen for Christen*, 804 S.W.2d 849, 850 (Mo.Ct.App.1991). Missouri courts have considered the following factors in analyzing "due diligence": "(1) the length of delay; (2) the facts surrounding the parties' participation in the matter; (3) the length of the statute of limitations; (4) available means of obtaining service on defendant, and any other pertinent facts." *Id.* at 850–51. The court finds that the delay was extreme; plaintiff's actions were inadequate; the length of the statute gave plenty of time to obtain service and the eventual success in obtaining service showed that obtaining service was not impractical. There are no other compelling facts that would dictate an opposite result. Since the court did not find "good cause" for the failure to obtain service in 120 days, the court certainly would not find that plaintiff exercised "due diligence." Even if Counts II and III were to survive the problem of inadequate service, the statute of limitations would be fatal.

Count I attempts to state a claim for breach of an oral contract. This count may have many problems, including the statute of frauds, but an expired statute of limitations is not among them. The statute of limitations for this type of claim is five years, and, therefore, this count may be re-filed.[5]

5. In state court, not federal court. This count

alleges damages of about $15,000. While that

Since the ultimate result in either state court or federal court is that Counts II and III will be dismissed, there is no prejudice to plaintiff in this court's dismissing the case. The court finds that the repeated, outrageous and inexcusable delays that have plagued this case should result in its dismissal.

Cases such as this give the federal courts a bad name. Little has happened on time and nothing has happened without prodding from this court. The federal courts are not stockyards where Article III judges shepherd complacent parties through the corrals of justice. Rather, the court is a forum in which parties and their lawyers come to argue their cases and actively seek justice. This court will not pull unwilling plaintiffs and unknowledgeable officers of this court through the judicial process one small step at a time.

Therefore, for the reasons discussed, it is

ORDERED that defendant's motion for judgment on the pleadings is GRANTED. Plaintiff's complaint is dismissed without prejudice in accordance with Fed.R.Civ.P. 4(j).

number was over the jurisdictional amount necessary to file in federal court when this claim was first filed, it will not meet the new $50,000 threshold. Therefore, a future federal court may not exercise diversity jurisdiction to hear this claim.